UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-CV-81598-ROSENBERG/REINHART

JOANN TRUGILLO and
ROGER DAVIS,

    Plaintiffs,

v.

WET PLEASURES, INC., *a
Florida Profit Corporation*, and
AHMED EL BANA,

    Defendants.
_____/

## ORDER DISMISSING PLAINTIFF ROGER DAVIS'S AMENDED COMPLAINT

**THIS CAUSE** comes before the Court on Defendant Wet Pleasures, Inc.'s Motion to Dismiss or to Stay Plaintiff Roger Davis's Amended Complaint [DE 20]. The Court has carefully considered the Motion, Davis's Response [DE 25], Wet Pleasures's Reply [DE 30], and the record, and is otherwise fully advised in the premises. For the reasons set forth below, the Motion is granted in part and denied in part. Davis's Amended Complaint is dismissed.

### I.    BACKGROUND

Plaintiffs Davis and Joann Trugillo commenced this action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), on November 20, 2018. DE 1. Plaintiffs allege in their Amended Complaint that, from January 2018 through February 2018, they were full-time, non-exempt employees of dive store Wet Pleasures, which was or now is owned by Defendant Ahmed El Bana. DE 7 at 2-3. Davis was to be paid $400 per week plus a 10% commission, and Trugillo was to be paid $450 per week.[1] *Id.* at 4, 6-7. Davis was paid nothing for his services

---

[1] The Court notes that, in their Amended Statement of Claim, Plaintiffs assert that the agreement was to pay Trugillo $425 per week. *See* DE 34.

from January 2018 through February 2018, and Trugillo "essentially" was paid nothing for her services "for one or more of the six weeks of her employment." *Id.* at 4, 7. Defendants violated the FLSA by failing to pay Plaintiffs minimum wage and overtime compensation. *Id.* at 3-7. In their Amended Statement of Claim, Plaintiffs seek damages based upon the allegedly agreed-upon weekly pay, plus liquidated damages. *See* DE 34.

Wet Pleasures moves to dismiss or stay this action as to Davis only due to a pending state action involving Davis and El Bana to determine the rightful owner of Wet Pleasures. DE 20. Wet Pleasures contends that the relief that Davis seeks in the state action includes the wages of $400 per week and liquidated damages that he seeks from this Court. *Id.* at 1-3, 6-10. Wet Pleasures argues that, as has been alleged in the state action, Davis essentially did receive compensation for his employment when he wrongfully diverted credit card payments meant for Wet Pleasures into his personal account. *Id.* at 4, 8-9. Wet Pleasures asserts that Davis brought this FLSA action to harass Defendants after El Bana received a favorable temporary injunction in the state action, and that Defendants cannot defend themselves against Davis's FLSA claims because Davis wrongfully has taken possession of Wet Pleasures's premises and all of its employment records. *Id.* at 2, 4, 7-8, 10-12. Wet Pleasures also argues that allowing this FLSA action to proceed will lead to piecemeal litigation, will waste judicial resources, and may result in inconsistent rulings. *Id.* at 2, 7-8, 12.

Wet Pleasures does not seek dismissal or a stay as to Trugillo's FLSA claims. Wet Pleasures has brought an Amended Counterclaim against Trugillo for conversion and civil theft of inventory and equipment, alleging that she acted on Davis's behalf. *See* DE 37.

Turning to the state action, Davis and Wet Pleasures filed a Complaint against El Bana on March 21, 2018, for breach of contract and anticipatory repudiation, breach of fiduciary duty, and breach of the covenant of good faith and fair dealing. DE 20-1. Davis alleged among other things that El Bana breached the contract whereby he agreed to purchase Wet Pleasures from Davis, that

2

El Bana breached the agreement whereby Davis would work for Wet Pleasures for $400 per week, and that Davis was obliged to use personal funds to cover business expenses. *Id.* at 2-9. El Bana responded with several counterclaims, alleging among other things that Davis denied El Bana access of Wet Pleasures's premises, took and removed company inventory and equipment, and diverted credit card payments meant for Wet Pleasures into his personal account. DE 20-2 at 5-23. On September 19, 2018, the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida granted a temporary injunction requiring Davis to turn over control of the Wet Pleasures premises and certain property to El Bana. DE 20-4. El Bana has since filed a Motion for Contempt of the Order granting the temporary injunction. DE 20-5.

## II.     LEGAL STANDARD

The pendency of an action in state court generally does not bar a proceeding in federal court concerning the same subject matter. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 1246 (1976). However, "the general principle is to avoid duplicative litigation." *Id.* "[F]ederal courts can abstain to avoid duplicative litigation with state courts only in exceptional circumstances." *Ambrosia Coal & Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1328 (11th Cir. 2004) (quotation marks omitted). Abstention may be considered "when federal and state proceedings involve substantially the same parties and substantially the same issues." *Id.* at 1329-30 (rejecting a rule where abstention would be permissible only when the federal and state cases have identical parties, issues, and requests for relief).

A court must analyze the following factors when determining whether to abstain: (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the forums obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights. *Id.* at 1331. In addition, "the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state

3

litigation." *Id.* (quotation marks omitted).  No one factor is determinative, and the weight to be given to the factors varies from case to case. *Id.* at 1332 (stating that "the factors must be considered flexibly and pragmatically, not as a mechanical checklist" (quotation marks omitted)). However, "the abstention inquiry must be heavily weighted in favor of the exercise of jurisdiction." *Id.* (quotation marks omitted).

### III.   ANALYSIS

Applying the above factors, the first factor does not apply in this proceeding, and neither party contends that this federal forum is inconvenient. *See Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1141 (11th Cir. 2013) (stating that the first abstention factor "applies only where there is a proceeding in rem").  The first and second factors do not weigh in favor of abstention.

As to the third factor, the Court concludes that simultaneous federal and state proceedings will result in piecemeal litigation. The federal and state proceedings involve substantially the same parties: Davis, El Bana, and Wet Pleasures. The state proceeding involves various issues related to the transfer of ownership of Wet Pleasures and the subsequent actions and reactions of the parties. Davis's allegations in the state action include that El Bana breached the agreement whereby Davis would work for Wet Pleasures for $400 per week, and El Bana has responded with counterclaims that include conversion and civil theft for Davis's alleged removal of inventory and equipment and diversion of credit card payments. *See* DE 20-1 at 3, 7, 9; DE 20-2 at 8-13.  Davis also seeks damages based upon the allegedly agreed-upon weekly pay in this FLSA proceeding. *See* DE 34.  If required to file an Answer, Defendants will likely respond, as in the state action, that Davis diverted payments and removed inventory and equipment. Thus, the federal and state proceedings are not merely tangentially related, and a danger of "piecemeal litigation that is abnormally excessive or deleterious" exists. *See Ambrosia*, 368 F.3d at 1333.  Permitting the

4

parties to pursue these claims in two forums will waste judicial resources and could lead to inconsistent results.  The third factor favors abstention.

The state court obtained and exercised jurisdiction before the instant proceeding was filed.  In fact, the state court has reviewed the allegations and evidence to an extent to enable the court to declare that El Bana has demonstrated a "[l]ikelihood of success on the merits well over the required standard, even to the standard of a criminal case." *See* DE 20-4 at 2.  Conversely, this Court has issued no rulings on the merits in this action.  *See Ambrosia*, 368 F.3d at 1333 (stating that the fourth factor "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions" (quotation marks omitted)).  The fourth factor favors abstention.

As to the fifth factor, an FLSA claim certainly is a matter of federal law.  However, the same state law contract and tort claims that are at issue in the state action predominate here and will be determinative of whether Davis is entitled to any compensation.  The fifth factor favors abstention.

Applying the sixth factor, the Court concludes that the state court can adequately protect Davis's rights.  Davis first asserted his claim of breach of his salary agreement in state court, and that court is fully capable of resolving such a claim.  The sixth factor favors abstention.

Finally, it is quite possible that Plaintiffs filed this proceeding in reaction to the unfavorable temporary injunction ruling in state court.  *See id.* at 1331 (stating that "the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation" (quotation marks omitted)).  The state court ruled in September 2018 that El Bana has demonstrated a "[l]ikelihood of success on the merits well over the required standard, even to the standard of a criminal case," and Plaintiffs filed this FLSA action approximately two months later.  *See* DE 20-4 at 2.

5

The Court acknowledges its duty to exercise jurisdiction and the requirement of exceptional circumstances for federal abstention. *See Ambrosia*, 368 F.3d at 1328. The Court concludes, however, that the circumstances of this case—where Davis first asserted claims related to his unpaid salary in state court, received an unfavorable preliminary ruling, and now pursues compensation through this FLSA action—presents an exceptional circumstance. The Court further determines that a flexible and pragmatic application of the relevant factors favors abstention. *See id.* at 1331-32.

### IV.   CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Wet Pleasures, Inc.'s Motion to Dismiss or to Stay Plaintiff Roger Davis's Amended Complaint [DE 20] is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiff Roger Davis's Amended Complaint is **DISMISSED**.

3. This matter shall proceed as to Plaintiff Joann Trugillo. Trugillo shall respond to the Amended Counterclaim as required by the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 28th day of February, 2019.

Copies furnished to:
Counsel of Record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE